**WHITE & CASE**

White & Case LLP  
1155 Avenue of the Americas  
New York, New York 10036-2787

Tel + 1 212 819 8200  
Fax + 1 212 354 8113  
www.whitecase.com

Direct Dial + 212-819-8252     gkurtz@whitecase.com

June 1, 2009

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6.2.2009
```

**VIA FACSIMILE**

The Hon. Loretta Preska  
Daniel Patrick Moynihan United States Courthouse  
500 Pearl Street  
New York, New York 10007

Re: In re Chrysler LLC, et al., 09-cv-04743

Dear Judge Preska:

We are counsel to a group of Indiana State Pension funds ("Indiana Pensioners") in the above referenced bankruptcy proceeding who hold first-lien secured debt issued by Chrysler LLC and its affiliates and who, by the May 19 deadline set by the bankruptcy court, objected to the well-publicized sale of all or substantially all of Chrysler assets to "New Chrysler" pursuant to a motion for a 363 sale in the bankruptcy court ("Sale Motion").

On May 20, 2009, the day following the filing of their objection to the Sale Motion, the Indiana Pensioners filed a motion to withdraw reference to the district court pursuant to the mandatory withdrawal of reference statute, 28 U.S.C. 157(d). The motion to withdraw the reference demonstrated that there were novel issues of federal statutory and constitutional law presented by the Sale Motion, including whether the Treasury Department had exceeded its authority under the Emergency Economic Stabilization Act ("EESA") passed by Congress in October 2008, 12 U.S.C. §§ 5201 *et seq*. Specifically, the Troubled Assets Purchase Program ("TARP") created by EESA and pursuant to which the Treasury Department is expressly acting in directing and orchestrating the Chrysler bankruptcy only allows the Treasury Department to purchase the troubled assets of "financial institutions." Chrysler LLC is an automotive manufacturer and therefore does not come within the provisions of TARP – a view confirmed by Treasury Secretary Paulson when he testified before Congress on November 18, 2008. In addition, even as to financial institutions, the Treasury Department does not have the broad authority it is exercising in this case.

The motion to withdraw reference was assigned to Your Honor but because Your Honor was scheduled to be out of town, the motion was heard by the Part I judge, the Hon. Thomas P. Griesa. Given that the Sale Motion was scheduled to be heard by the Bankruptcy Court starting on May 27, the motion to withdraw the reference was argued before Judge Griesa on the morning of Tuesday, May 26.

ABU DHABI ALMATY ANKARA BEIJING BERLIN BRATISLAVA BRUSSELS BUCHAREST BUDAPEST DÜSSELDORF FRANKFURT HAMBURG HELSINKI HONG KONG ISTANBUL JOHANNESBURG LONDON LOS ANGELES MEXICO CITY MIAMI MOSCOW MUNICH NEW YORK PALO ALTO PARIS PRAGUE RIYADH SÃO PAULO SHANGHAI SINGAPORE STOCKHOLM TOKYO WARSAW WASHINGTON, DC

NEWYORK 7183399 v1 (2K)

During that hearing and in the subsequent order entered by Judge Griesa at 4 pm on May 26, the Court held that the Indiana Pensioners had standing to make the motion to withdraw reference and object to the related motions, including the Sale Motion. In addition, the Court held that the Sale Motion raised issues under EESA and TARP that needed to be decided. D. Ct. Op. at 6. The Court held, however, that these issues should be decided by the bankruptcy court in the first instance. Id. at 6-7. In so holding, Judge Griesa expressly stated that he was relying the fact that the Indiana Pensioners would have a right to an immediate appeal to the district court of all issues in connection with the Sale Motion, including the TARP issues, and that the Debtors would not take any action to hinder or impede that appeal, including by requesting an exorbitant bond. The Court stated:

> Now, I don't know whether there is anything to be said about this but I want to say to all parties *there should be a fair opportunity to appeal.* I am not keeping the case now but I am fully aware of the need for a right of appeal after the bankruptcy judge does his work, and *the various parties who have opposed the motion to withdraw the reference have relied to some extent on the fact that there is a right of appeal.*
>
> Now, I hope I do not hear of any attempts to obstruct that right of appeal or make it unduly difficult because of some inappropriate request for some exorbitant bond. *The people opposing the withdrawal of the reference have relied on that right of appeal and that right of appeal should exist and it should be able to be exercised without any hindrance.*

D. Ct. Hr'g Tr. 89:5-89:17 (emphasis added); see also D. Ct. Op. at 6 (noting that the Bankruptcy Court's decisions regarding the Sale Motion should be "subject to the right of appeal").

The evidentiary hearing on the Sale Motion was subsequently held on May 27 to 29 and the bankruptcy court issued a decision approving the 363 sale on the evening of Sunday, May 31. The order approving the Sale Motion, however, has not yet been issued. The Indiana Pensioners immediately filed a notice of appeal to the district court.

Having now obtained the decision, the Debtors immediately this morning commenced flagrant attempts to defeat any meaningful appeal rights of the Indiana Pensioners in plain violation of Judge Griesa's order and contrary to their representations to the district court that they would not hinder or impede the Indiana Pensioner's right to appeal. That order is subject to an automatic 10-day stay so that an aggrieved party has the opportunity to perfect an appeal of all issues and seek an additional stay from the court hearing the appeal as necessary. Fed. R. Bankr. P. 6004(h).[1] Notwithstanding that protection and the District Court's prior admonishment, immediately after receiving the bankruptcy court's decision, the Debtors sent a letter to the bankruptcy court requesting permission to close the sale transaction **by Thursday, June 4**. At the same time, the Debtors also requested that the bankruptcy court certify the appeal directly to the Court of Appeals of the Second Circuit. In addition, the Debtors now argue for the first time that no relief can be imposed that would have the effect of staying the order as it relates to the TARP issues. In net effect,

---

[1] As other circuit courts have recognized "where a sale of a bankrupt's assets has not been stayed, an appeal challenging the sale's validity is moot because the court has no remedy it can fashion even if it would have determined the issues differently." Hazelbaker v. Hope Gas, Inc. (in re Rare Earth Minerals), 445 F.3d 359, 363 (4th Cir. 2006) (citing Anheuser-Busch, Inc. v. Miller (In re Stadium Mgmt. Corp.), 895 F.2d 845, 847 (1st Cir. 1990)).

The Hon. Loretta Preska

June 1, 2009

**WHITE & CASE**

therefore, Debtors are attempting to close the transaction before any appeal could possibly be heard such that it would be rendered moot.

We therefore request a conference so that this Court can determine what steps or actions are required to ensure that the Indiana Pensioners have the opportunity to obtain review of the Bankruptcy Court's rulings related to the Sale Motion as specifically contemplated by the District Court in its ruling denying the Indiana Pensioners' Motion to Withdraw Reference. We understand that the Court has requested a 3 p.m. conference on these matters and we have so notified the other parties, including the Debtors.

Respectfully submitted,

*Glenn M. Kurtz*

Glenn M. Kurtz

GMK:wu

cc: Corinne Ball, Esq.
    Counsel to the Debtors

# FACSIMILE

**WHITE & CASE**

White & Case LLP  
1155 Avenue of the Americas  
New York, New York 10036-2787

Tel  + 1 212 819 8200  
Fax  + 1 212 354 8113  
www.whitecase.com

Direct Dial +

| | | | |
|---|---|---|---|
| **Date:** | June 1, 2009 | **No. of Pages (including cover):** | 4 |
| **To:** | Hon. Loretta A. Preska<br>United States District Judge | **Fax Number:**<br>Contact Number: | 212-805-7941<br>212-805-0240 |
| **From:** | Owen C. Pell | **Reference No.:** | |

**PLEASE NOTE:** The information contained in this facsimile message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please contact sender or call + 1 212 819 7583. Thank you.

**PLEASE FORWARD TO APPROPRIATE JUDGE PER JUDGE PRESKA.**

ABU DHABI  ALMATY  ANKARA  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUCHAREST  BUDAPEST  DÜSSELDORF  FRANKFURT  HAMBURG  HELSINKI  HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MEXICO CITY  MIAMI  MOSCOW  MUNICH  NEW YORK  PALO ALTO  PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SINGAPORE  STOCKHOLM  TOKYO  WARSAW  WASHINGTON, DC

6/1/2009 1:45 PM (ZK)  
[preska fax cover sheet.doc]